IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

| | | |
|---|---|---|
| DEE DEE ELLIS, | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | |
| | * | |
| NANCY A. BERRYHILL, | * | No. 3:17cv00026-JJV |
| Acting Commissioner, | * | |
| Social Security Administration, | * | |
| | * | |
| Defendant. | * | |

**MEMORANDUM AND ORDER**

Ms. Ellis has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for disability insurance benefits. The Administrative Law Judge (ALJ) concluded she had not been under a disability within the meaning of the Social Security Act, because jobs existed in significant numbers which she could perform despite her impairments. (Tr. 13-15.)

This review function is extremely limited. A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and to analyze whether Plaintiff was denied benefits due to legal error. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also*, 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

The history of the administrative proceedings and the statement of facts relevant to this decision are contained in the respective briefs and are not in serious dispute.  Therefore, they will not be repeated in this opinion except as necessary.  After careful review of the pleadings and evidence in this case, I find the Commissioner's decision is supported by substantial evidence and Plaintiff's Complaint should be DISMISSED.

Plaintiff was forty-six years old at the time of the administrative hearing.  (Tr. 34.)  She has a bachelor's degree in accounting and past work as a teacher's aide and bookkeeper.  (Tr. 34, 23.)

The ALJ[1] found Ms. Ellis met the disability eligibility requirements to apply for disability insurance benefits.  (Tr. 15.)  She has "severe" impairments in the form of osteoarthritis and allied disorders, gastrointestinal disorders, disorders of the muscle, ligament, and fascia, fibromyalgia, and sleep-related breathing disorders.  (*Id.*)  The ALJ further found Ms. Ellis did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2]  (Tr. 16-17.)

The ALJ determined Ms. Ellis had the residual functional capacity to perform a reduced range of light work given her physical impairments.  (Tr. 17.)  The ALJ determined Ms. Ellis had no past relevant work, so the ALJ utilized the services of a vocational expert to determine if jobs existed that Plaintiff could perform despite her impairments.  (Tr. 23, 42-43.)  Based on the

---

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy.  20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

[2] 420 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

2

expert's testimony, the ALJ concluded Ms. Ellis could perform the jobs of office helper and merchandise marker. (Tr. 24.) Accordingly, the ALJ determined Ms. Ellis was not disabled. (*Id*.)

The Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making his decision the final decision of the Commissioner. (Tr. 1-3.) Plaintiff filed the instant Complaint initiating this appeal. (Doc. No. 2.)

The issue in this case is whether the ALJ rightly discounted the opinion of Plaintiff's treating physician, Samuel Burchfield, M.D. (Tr. 888-889.) Dr. Burchfield has been Ms. Ellis's treating doctor for many years. He completed a Medical Source Statement whereby he concluded Ms. Ellis is extremely limited. If found to be accurate, Dr. Burchfield's opinion would likely lead to the Commissioner concluding Ms. Ellis is disabled.

The ALJ considered this evidence and gave ". . . little weight to Dr. Burchfield's opinion because it is inconsistent with the medical record. In particular, the opinion conflicts with treatment notes in which the claimant demonstrated the full motion at her neck, shoulders, thoracic and lumbar spine and hips. Furthermore, diagnostic images were mild." (Tr. 22.)

Plaintiff correctly argues her treating doctor should generally be given deference. But after a close review of the record, I find the ALJ could properly discount Dr. Burchfield's opinions.

The United States Court of Appeals for the Eighth Circuit has reiterated:

> Generally, a treating physician's opinion is given more weight than other sources in a disability proceeding. 20 C.F.R. § 404.1527(c)(2). Indeed, when the treating physician's opinion is supported by proper medical testing, and is not inconsistent with other substantial evidence in the record, the ALJ must give the opinion controlling weight. *Id.* "However, [a]n ALJ may discount or even disregard the opinion of a treating physician where other medical assessments are supported by better or more thorough medical evidence, or where a treating physician renders inconsistent opinions that undermine the credibility of such opinions." *Wildman v. Astrue*, 596 F.3d 959, 964 (8th Cir. 2010) (alteration in original) (internal

>quotation omitted).   Ultimately, the ALJ must "give good reasons" to explain the weight given the treating physician's opinion.   20 C.F.R. § 404.1527(c)(2).

*Anderson v. Astrue*, 696 F.3d 790, 793 (8th Cir. 2012).

Here, the ALJ had fair reasons to discount Dr. Burchfield's conclusions.  Dr. Burchfield concludes Ms. Ellis is *extremely* limited.  (Tr. 888-889.)  But as the Commissioner points out in her brief, the medical evidence simply fails to support this conclusion.  (Doc. No. 13 at 4-5.)  In reviewing Dr. Burchfield's treatment records I, too, fail to find support for his Medical Source Statement.  Treatment records do reveal Ms. Ellis has had serious ongoing health issues.  Yet they do not support limitation to the degree reported in Dr. Burchfield's Medical Source Statement. (Tr. 486-555, 859-860.)  And the ALJ correctly noted that diagnostic tests showed only mild impairment.  (Tr. 400, 467, 654, 673, 749.)  Therefore, the ALJ could rightly discount Dr. Burchfield's opinions.

It is not to say there is not objective evidence to support Ms. Ellis's allegations.  She has a number of impairments and I am sympathetic to her claims.  But to find her disabled would require heavy reliance on Ms. Ellis's subjective complaints.  Although Plaintiff disagrees, the ALJ properly discounted those complaints.  (Tr. 17-23.)  The ALJ's credibility assessment was sound given the lack of medical evidence in support of Plaintiff's allegations, and Plaintiff's functional capabilities.  See *Thomas v. Sullivan*, 928 F.2d 255, 259-60 ( 8th Cir. 1991); *Cabrnoch v. Bowen*, 881 F.2d 561, 564 (8th Cir. 1989).  The inconsistencies between the medical evidence and Plaintiff's subjective complaints gave reason to discount those complaints.  *Matthews v. Bowen*, 879 F.2d 422, 425 (8th Cir. 1989).

I also recognize Plaintiff's arguments regarding her fibromyalgia.  I take seriously her contention that there is often "misunderstanding of the nature of fibromyalgia."  (Doc. No. 11 at 16.)  Yet, I am simply unable to find support in the record to merit reversal of the ALJ's decision

4

in this case.

Plaintiff has advanced other arguments I find are without merit.  Ms. Ellis's counsel has done an admirable job advocating for Plaintiff.  But it is not the task of a court to review the evidence and make an independent decision.  Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings.  The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ.  *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence.   There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case.  *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004).   The Commissioner's decision is not based on legal error.

IT IS, THEREFORE, ORDERED that the final decision of the Commissioner is affirmed and Plaintiff's Complaint is dismissed with prejudice.

IT IS SO ORDERED this 10th day of July, 2017.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

5